IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SILVESTER CRUZ RUEDA,<br>        Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | Cause No. EP-26-CV-925-LS |
| CHARISMA EDGE, *Warden*, *FCI La Tuna*,<br>        Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner Silvester Cruz Rueda, Federal Prisoner Number 70959-510, challenges the execution of his sentence through a second *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] His petition is denied.

On April 24, 2023, law enforcement agents intercepted Rueda's telephone conversation arranging a fentanyl purchase with a person in Artesia, New Mexico.[2] Police officers stopped Rueda after he visited Artesia. The officers found 115.18 net grams of fentanyl hidden in the bra of a woman in the vehicle with Rueda.

On July 19, 2023, Rueda was indicted for conspiracy to commit an offense defined in 21 21 U.S.C. §§ 841(a)(1), specifically an offense involving the distribution of more than 40 grams of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), in violation of 21 U.S.C. § 846 (Count One), and possession with intent to distribute more than 40 grams of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and aiding and abetting, in violation of 18 U.S.C. § 2 (Count Two).[3] On August 2, 2023, Rueda was arrested and detained pending his trial.[4] On January 9, 2024, he

---

[1] Pet'r's Pet., ECF No. 1-1.
[2] *United States v. Cruz Rueda*, 5:23-cr-01109-KG (D. N.M.), Plea Agreement, ECF No. 41 at 5.
[3] *Id.*, Indictment, ECF No. 2.
[4] *Id.*, Arrest Warrant, ECF No. 8; *id.*, Order of Detention, ECF No. 21.

pleaded guilty to Counts One and Two.[5]  On October 31, 2024, Rueda was sentenced to concurrent terms of 90 months' imprisonment for the following offenses:

| Title and Section | Nature of Offense |
|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841 |
| 21 U.S.C. Sec. 841(b)(1)(B) | Possession with Intent to Distribute 40 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide)[6] |

A prisoner's challenges to the execution of his sentence including the "particulars affecting its duration are the province of habeas corpus."[7]  A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[8]  To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[9]  But a prisoner's petition may be dismissed upon initial screening if the reviewing court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[10]

In his second § 2241 petition, Rueda complains that he has not received First Step Act Earned Time Credits (FTCs) for the time he spent in federal custody from the day of his arrest on August 2, 2023, to the day before he was sentenced on October 31, 2024.[11]  He also complains that he has been wrongfully denied FTCs and First Step Act "credits" after his sentencing.

---

[5] *Id.*, Plea Minute Sheet, ECF No. 42.

[6] *Id.*, Am. J. Crim. Case, ECF No. 63 at 1, 2.

[7] *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

[8] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[9] 28 U.S.C. § 2241(c).

[10] 28 U.S.C. foll. § 2254 R. 4; *see also* R. 1 ("The district court may apply any or all of these rules to a habeas corpus petition ...").

[11] Pet'r's Pet., ECF No. 1-1 at 6.

The First Step Act provides that an inmate may not earn FTCs "during official detention prior to the date that the prisoner's sentence commences under section 3585(a)."[12] "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."[13] The effect of these statutes is that an inmate is ineligible to earn FTCs until (1) he is sentenced, and (2) in custody awaiting transportation to his BOP designated facility or voluntarily reports to his BOP designated facility. Consequently, Rueda is ineligible to earn FTCs while in official detention before his sentencing.

The First Step Act also provides that an inmate may not earn FTCs if he is serving a sentence for a fentanyl conviction under "Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1))."[14] Section 841(b)(1)(B) provides that in the case of a violation involving "40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide … such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years." Rueda pleaded guilty and is serving a sentence for possession with intent to distribute more than 40 grams of fentanyl in violation of 21 U.S.C. § 841(b)(1)(B).[15] Accordingly, Rueda is *disqualified* by statute from earning any FTCs.[16]

The Second Chance Act authorizes the Bureau of Prisons (BOP) to consider, to the extent practicable, placing inmates nearing the end of their sentences in pre-release community

---

[12] 18 U.S.C. § 3632(d)(4)(B).
[13] *Id.* § 3585(a).
[14] *Id.* § 3632(d)(4)(D)(lxvi).
[15] *Cruz Rueda*, 5:23-cr-01109-KG (D. N.M.), Am. J. Crim. Case, ECF No. 63 at 1, 2.
[16] 18 U.S.C. § 3632(d)(4)(D).

confinement.[17] Importantly, the statute only requires the BOP to *consider* placing an inmate in pre-release custody for up to twelve months or in home confinement for up to six months. It does not *require* the BOP to make such a placement. Rueda's argument is based on the erroneous premise that he is entitled to Second Chance Act "credits" for placement in pre-release community confinement which simply do not exist.

Moreover, the BOP is responsible for designating "the place of the prisoner's imprisonment."[18] Consequently, the BOP—not a court—is the proper place to direct a request for placement in a residential reentry center or in home detention.[19] Additionally, release from institutional custody to a residential reentry center or home detention "is a change in conditions of confinement and not cognizable under § 2241."[20] As a result, a claim regarding pre-release custody in a residential reentry center or home confinement is not a habeas claim.[21]

It appears from the face of Rueda's petition that he cannot show he is in custody in violation of the Constitution or laws or treaties of the United States. Consequently, he is not entitled to § 2241 relief.

The Court accordingly enters the following orders:

**IT IS ORDERED** that Petitioner Silvester Cruz Rueda's "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1-1) is **DENIED** and his cause is **DISMISSED**

---

[17] *Id.* § 3624(c).
[18] *Id.* § 3621(b).
[19] *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c) (providing that the BOP has the authority to "place a prisoner in home confinement")).
[20] *Maldonado v. Rule*, No. 4:24-cv-0971-P, 2025 WL 476256, at *2 (N.D. Tex. Feb. 11, 2025) (citing *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (explaining a challenge to exclusion from program allowing home confinement is more properly brough as a *Bivens* action)).
[21] *Mosley v. Reiser*, No. 3:21-cv-394-TSL-RPM, 2022 WL 16572029, at *2 (S.D. Miss. Nov. 1, 2022), *aff'd*, No. 22-60625, 2023 WL 3947169 (5th Cir. June 12, 2023).

**WITH PREJUDICE**.

      **IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

      **IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

      **SIGNED** this 27th day of April 2026.

                                       **LEON SCHYDLOWER**
                                       **UNITED STATES DISTRICT JUDGE**

5